# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| CHARLES CHRISTIAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. _____ |
| ) | |
| KENSINGTON PUBLISHING CORP., ) | JURY DEMAND |
| ) | |
| Defendant. ) | |

## COMPLAINT

Plaintiff Charles Christian files this complaint against Defendant Kensington Publishing Corp. and states as follows:

## I. THE PARTIES

1. Plaintiff Charles Christian is a citizen and resident of Nashville, Tennessee.

2. Defendant Kensington Publishing Corp. is a corporation organized and existing under the laws of the state of New York. Upon information and belief, Kensington maintains its principal place of business in New York, New York. Kensington maintains continuous and systematic contacts with the state of Tennessee.

## II. JURISDICTION AND VENUE

3. This Court has subject-matter jurisdiction of this cause pursuant to 28 U.S.C. §§ 1331 and 1338 because it arises under the Lanham Act, 15 U.S.C. § 1125(a).

1

4. This Court has supplemental jurisdiction over the additional claims pursuant to 28 U.S.C. § 1367.

5. This Court also has subject matter jurisdiction because of diversity of citizenship and the amount of controversy exceeds $75,000, pursuant to 28 U.S.C. § 1332.

6. This Court has personal jurisdiction over Defendant Kensington because it conducts business in the state of Tennessee via mail-order sales, interactive websites, online sales; it organizes and produces author events in the state of Tennessee; it sold and continues to sell the book at issue in this lawsuit in the state of Tennessee; and it has distributed, printed, and sold books in the state of Tennessee.

7. Venue is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claim occurred in this judicial district and Defendant is subject to personal jurisdiction in this judicial district.

### III. FACTS

8. Plaintiff is a talented African-American entrepreneur based in Nashville, Tennessee.

9. Plaintiff is involved in his community, and he serves as a deacon at his church.

10. On or about April 26, 2013, Plaintiff participated in a private photography session in Nashville, Tennessee, with the photographer Jacom Stephens.

11. Plaintiff participated in the private photography session as a gift to his wife.

12. During this photography session in the Nashville studio, Plaintiff dressed in his own high-end clothing that his wife purchased for him.

13. After the photography session, Mr. Stephens emailed Plaintiff digital copies of the photos for personal use.

14. Plaintiff then produced the photographs to his wife, who was thrilled to see the personal photographs of her husband in the suit that she purchased for him.

15. Plaintiff owns all rights to his image, likeness, and persona.

16. Plaintiff has carefully developed and cultivated his image, likeness, and persona, resulting in public recognition and goodwill, especially in his community.

17. Plaintiff's distinct image, likeness, and persona are invaluable to him, as these traits distinguish him from other persons and contribute to his entrepreneurial endeavors.

18. Defendant Kensington is an independent book publisher that distributes books across the world, including here in Nashville, Tennessee.

19. Kensington claims to be the "foremost independent publishing house in the United States."

20. Kensington claims to "a leader and innovator in such areas of publishing as African-American."

21. According to Kensington's own website, Kensington's books are available for sale in Tennessee Barnes & Noble stores, Tennessee Wal-Mart stores, and Tennessee Target stores.

22. Recently, Plaintiff's friends and family noticed Plaintiff's picture on the cover of the book Street Players by Donald Goines.

23. Upon information and belief, Street Players is currently for sale at the Kroger in Mount Juliet, Tennessee, among other local retailers.

24. Plaintiff purchased this copy of Street Players with his image, likeness, and persona on the cover at Barnes & Noble in Hendersonville, Tennessee:



25. Mr. Goines wrote and first published Street Players in 1973.

26. In addition to Street Players, Mr. Goines has also authored other books entitled, Whore-son: The Story of a Ghetto Pimp, Dopefiend: The Story of a Black Pimp, and Black Gangster.

27. Mr. Goines' books revolve around and focus on graphic, explicit, and pornographic aspects of prison, crime, prostitution, and illegal drugs.

28. Street Players is about a pimp named "Earl the Black Pearl" who is trapped in a lifestyle of drugs, violence, and prostitution.

29. Kensington published a new Street Players edition in July 2014. This new edition, which is presented on Kensington's interactive website, features Plaintiff on the cover as the violent pimp character, "Earl the Black Pearl."



30. Plaintiff never gave Defendant permission to use his likeness, persona, and image on the cover of Street Players.

31. Defendant uses Plaintiff's likeness, persona, and image in a defamatory and pornographic manner.

32. Since publishing the book in July 2014, Kensington has used, posted, and disseminated marketing and promotional material containing Plaintiff's likeness, persona, and image without his consent in various media in Tennessee and throughout the world.

33. Kensington used Plaintiff's likeness, person, and image to promote and advertise Street Players through its website, numerous brick-and-mortar retail outlets, and promotional catalogs.

34. By its use of Plaintiff's likeness, persona, and image, Kensington falsely represented to the public that Plaintiff endorses the Kensington book Street Players.

### IV. CAUSES OF ACTION

**Count 1: Violation of the Tennessee Personal Rights Protection Act**
**Tenn. Code Ann. § 47-25-1101, *et seq.***

35. Plaintiff restates and incorporates herein the allegations set forth in the preceding paragraphs.

36. Plaintiff has an exclusive property right in the use of his likeness, persona, and image.

37. Defendant knowingly used and infringed upon Plaintiff's likeness, persona, and image by using photographs on the cover of the book <u>Street Players</u> in a manner directed to the public, as an item of commerce for purpose of advertising, without Plaintiff's consent.

38. Defendant's use of Plaintiff's likeness, persona, and image in a defamatory and pornographic context―being portrayed a violent pimp―is reprehensible.

39. Plaintiff is entitled to seizure and forfeiture of all contraband copies and uses of his likeness, persona, and image and all instrumentalities used in connection with the violation of his rights.

40. Plaintiff is entitled to his actual damages, suffered as a result of Defendant's use and infringement of Plaintiff's rights and any additional profits that are attributable to such use or infringement.

**Count 2: Violation of Common Law Right of Publicity**

41. Plaintiff restates and incorporates herein the allegations set forth in the preceding paragraphs.

42. Plaintiff has an exclusive property right in the use of his likeness, persona, and image.

43. Defendant Kensington infringed Plaintiff's likeness, persona, and image by using photographs of Plaintiff on the book cover of <u>Street Players</u> and portraying Plaintiff as a violent pimp in a manner directed toward the public, as an item of commerce for purposes of advertising Defendant's products, all without Plaintiff's consent.

44. Defendant's actions have violated Plaintiff's common-law right of publicity and have damaged Plaintiff's reputation and goodwill, entitling him to compensatory and punitive damages in an amount to be determined at trial.

### Count 3: False Light Invasion of Privacy

45. Plaintiff restates and incorporates herein the allegations set forth in the preceding paragraphs.

46. Defendant presented photographs of Plaintiff to the public in a false and misleading manner, suggesting that Plaintiff is a pimp, when that is untrue.

47. Defendant's presentation of the photographs of Plaintiff in this manner would be highly offensive to a reasonable and prudent person.

48. Defendant's actions constitute false-light invasion of privacy and have proximately damaged Plaintiff, entitling him to compensatory and punitive damages in an amount to be determined at trial.

### Count 4: Violation of the Lanham Act, 15 U.S.C. § 1125(a)

49. Plaintiff restates and incorporates herein the allegations set forth in the preceding paragraphs.

50. Defendant used Plaintiff's likeness, persona, and image to falsely endorse its book, Street Players, in violation of the Lanham Act, 15 U.S.C. § 1125(a).

51. Defendant's use of Plaintiff's likeness, persona, and image in connection with the sale, distribution, and advertising of Street Players, without the consent of Plaintiff, has

caused and is likely to cause confusion, mistake, or deception among consumers as to Plaintiff's affiliation, connection, association, sponsorship, or approval by Plaintiff.

52. As the result of Defendant's actions, Plaintiff has been damaged and is entitled to the following relief:

    a. An injunction to prevent further use of his likeness, persona, and image pursuant to 15 U.S.C. § 1116; and

    b. Damages as provided under 15 U.S.C. § 1117(a), including, without limitation, Defendant's profits, the actual damages sustained by Plaintiff, including impairment of Plaintiff's goodwill, the costs of this action and reasonable attorneys' fees.

### Count 5: Violation of the Tennessee Consumer Protection Act

53. Plaintiff restates and incorporates herein the allegations set forth in the preceding paragraphs.

54. By its actions as described above, Defendant has violated the Tennessee Consumer Protection Act, Tenn. Code Ann. § 47-18-101, *et seq.,* by engaging in deceptive acts including, (a) causing a likelihood of confusion or misunderstanding as to Plaintiff's sponsorship and approval of <u>Street Players</u>; (b) causing likelihood of confusion or misunderstanding as to Plaintiff's affiliation, connection or association with <u>Street Players</u>; and (c) using photographs of Plaintiff in advertisements which create a false impression of the origin of <u>Street Players</u>.

55. Plaintiff is entitled to injunctive relief, compensatory damages, treble damages, costs and attorneys' fees.

WHEREFORE, the Plaintiff respectfully prays for entry of judgment in his favor with an order providing the following relief against Defendant:

a. Seizure and forfeiture of all contraband copies and uses of Plaintiff's likeness, persona, and image and all instrumentalities used in connection with the violation of his rights;

b. An award of Plaintiff's actual damages and Defendant's profits;

c. An award of damages for harm to Plaintiff's reputation and goodwill, including all compensatory and punitive damages;

d. An injunction to prevent further use of his likeness, persona, and image pursuant to 15 U.S.C. § 1116;

e. An award of Plaintiff's reasonable attorneys' fees.

f. All statutory remedies as pleaded; and

g. Any other relief that this Court finds just and proper.

Respectfully submitted,

/Howell O'Rear/

Howell O'Rear (TN BPR #26509)
Seth M. McInteer (TN BPR #26471)
McInteer & O'Rear PLC
2801 12th Avenue South
Nashville, TN 37204
Ph. 615-724-6207
Fax 615-523-1311
howell@mcolawfirm.com
seth@mcolawfirm.com